IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| YAAZIYAH Y. HAWKINS, <br> Institutional ID No. 60278, <br><br> Plaintiff, <br><br> v. <br><br> RICKY BISHOP, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 1:20-CV-00254-BU |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Yaaziyah Y. Hawkins ("Hawkins"), proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 on December 3, 2020. Dkt. No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of referral, this civil action was referred to the undersigned United States Magistrate Judge. Dkt. No. 8. Hawkins has not consented to proceed before a magistrate judge.

Therefore, in accordance with the Court's transfer order, the undersigned enters these findings and conclusions, and recommends that Hawkins's claims in this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution.

I.  BACKGROUND

In his Complaint, Hawkins alleges that Taylor County Sheriff Ricky Bishop and employees at the Taylor County Detention Center prohibited Hawkins from participating in a jail work program because of his "disability of diabetes." Dkt. No. 1 at 4. The Court granted Hawkins leave to proceed *in forma pauperis*, which subjects his complaint to the Court's preliminary judicial screening measures under 28 U.S.C. § 1915. Dkt. No. 7. Because Hawkins brings his suit against government officials, his complaint is also subject to screening under 28 U.S.C. § 1915A.

1

On March 9, 2021, the Court mailed Hawkins a Notice of Availability, a copy of the Court's Order for Authenticated Records from the Taylor County Detention Center, and a Magistrate Judge's Questionnaire. *See* Dkt. Nos. 9–11.

On March 22, 2021, the Notice of Availability and Order for Authenticated Records mailed to Hawkins were returned from the Taylor County Detention Center as unopened, undeliverable mail. Dkt. No. 12. Staff review of jail records indicates that Hawkins was released from the Taylor County Detention Center on March 19, 2021.[1] Moreover, Hawkins has failed to respond to the Magistrate Judge's Questionnaire on or before the April 1, 2021 deadline. *See* Dkt. No. 11 at 1.

## II.   DISMISSAL UNDER RULE 41(b)

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))). Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

---

[1] *See* http://publicaccess.taylorcountytexas.org/PublicAccess/JailingDetail.aspx?JailingID=10342760 (last accessed April 1, 2021).

Dismissal without prejudice under Rule 41(b) is appropriate in the instant case. Under the local civil rules of this Court, Hawkins is obligated to keep the Court apprised of his current address. *See* N.D. Tex. Civ. R. 1.1(c)(2), 83.13 & 83.14. In this case, the Court issued a document entitled "Instructions to a Prisoner *Pro Se* Plaintiff," which included the notice: "Address change – You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case." Dkt. No. 3. The Court's order granting Hawkins leave to proceed *in forma pauperis* likewise required Hawkins to "promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk." Dkt. No. 7 at 2. "Failure to file such notice," the Court warned, "may result in this case being dismissed for want of prosecution." *Id*. Finally, the Magistrate Judge's Questionnaire warned Hawkins that the failure to return the completed Questionnaire and Certification would likely result in the dismissal of his claims. Dkt. No. 11 at 1. That order likewise instructed Hawkins to immediately notify the Court of any change of his address. *Id*.

Hawkins has failed to provide an updated address by which the Court may contact him, as previously ordered, and this case cannot proceed without a reliable means of contacting Hawkins. The Court is not required to delay the disposition of this case until such time as Hawkins updates his mailing address and complies with the Court's previous orders.

### III.  CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Hawkins's complaint and all claims alleged therein be DISMISSED without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution.

It is therefore ORDERED that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action No. 1:20-CV-00254-H.

## IV. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 2nd day of April, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE